**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 24-10264-cgb** |
| | § | |
| **RIC (AUSTIN), LLC,** | § | **CHAPTER 11** |
| | § | |
| **DEBTOR.** | § | |

| | | |
|---|---|---|
| | § | |
| **Panache Development** | § | |
| **& Construction, Inc.,** *et al.,* | § | |
| *Plaintiffs and Counter-Defendants,* | § | |
| | § | |
| *v.* | § | **ADV. NO. 24-01061-cgb** |
| | § | |
| **Romspen Mortgage Limited Partnership,** | § | |
| *Defendant, Counter-Plaintiff, and* | § | |
| *Third-Party Plaintiff* | § | |
| **and** | § | |
| **Romspen (Reomaster) Holdings Inc.,** | § | |
| *Defendant.* | § | |
| *v.* | § | |
| | § | |
| **Adam Zarafshani, an individual,** | § | |
| *Third-Party Defendant.* | § | |

**ROMSPEN MORTGAGE LIMITED PARTNERSHIP'S AND
ROMSPEN (REOMASTER) HOLDINGS INC.'S OPPOSED MOTION FOR
<u>REIMBURSEMENT OF EXPERT EXPENSES UNDER FRCP 26(b)(4)(E)(i)</u>**

Romspen Mortgage Limited Partnership and Romspen (Reomaster) Holdings Inc. (collectively, "Romspen Parties") file this Motion for Reimbursement of Expert Deposition Expenses Under FRCP 26(b)(4)(E)(i) ("Motion") and request the Court award them experts' fees, jointly and severally against Panache Development & Construction, Inc. ("Panache Development"), AFMN Investments, LLC ("AFMN"), Vesta Texas, LLC ("Vesta Texas") and Adam Zarafshani ("Zarafshani" and, collectively with Panache Development, AFMN, and Vesta Texas, the "Panache Parties") in the aggregate amount of $36,248.75.

In support thereof, the Romspen Parties respectfully state as follows:

619555280.4

## I.      INTRODUCTION.

Federal Rule of Civil Procedure 26, applicable in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7026, requires that this Court award the Romspen Parties the reasonable fees incurred by their experts in connection with preparing for, traveling to/from, and sitting for their depositions.

The Panache Parties noticed and took the depositions of three third-party experts disclosed by the Romspen Parties: Caryn Fuller, Carlos Turizo, and Jeffrey Kuehn. Importantly, the Panache Parties insisted on taking these depositions **after** this Court ruled that these exerts could only testify as rebuttal witnesses. Despite proceeding with these depositions knowing the limited scope of any testimony, and despite the clear requirement of the applicable rules, the Panache Parties have refused to reimburse any portion of the expert fees associated with these depositions. Accordingly, the Romspen Parties are compelled to file this Motion.

## II.     FACTUAL BACKGROUND

The Romspen Parties properly disclosed and provided expert reports for four third-party testifying experts: Ms. Fuller, Mr. Turizo, Mr. Kuehn, and Scott Van Meter.

On February 4, 2026, the Panache Parties filed motions to exclude these experts. [*See* Doc.#122; Doc.#123]. With their motions pending and set for hearing on March 25, 2026, counsel conferred about scheduling these experts' depositions; and, at the suggestion of the Panache Parties' counsel, agreed to conduct the depositions after the scheduled March 25 hearing. After finding mutually agreeable dates, the Panache Parties' counsel noticed the depositions of Mr. Turizo (in person), Mr. Kuehn (remote), and Ms. Fuller (in person) for March 30, 2026, March 31, 2026, and April 1, 2026, respectively. [Notices of Depositions attached hereto as Exhibit A].

At the March 25 hearing, this Court granted the motions in part, excluding one witness entirely (Mr. Van Meter) and limiting to rebuttal testimony the other three experts (Ms. Fuller, Mr. Turizo, and Mr. Kuehn). [Dkt.#153, Dkt.#165]. Two days after the Court's ruling, counsel for the Panache Parties reiterated their intent to proceed with the depositions of Ms. Fuller, Mr. Turizo,

and Mr. Kuehn, without requesting or providing notice of any limitation of the scope of such depositions. [Email chain attached hereto as Exhibit B]. The Court memorialized its ruling in a March 30, 2026, order excluding these experts from providing testimony except "as rebuttal evidence at trial." [Doc.#165]. The depositions therefore took place as noticed by the Panache Parties.

The Romspen Parties submitted an invoice to the Panache Parties for the fees associated with these three expert depositions. [Invoice attached hereto as Exhibit C] The Panache Parties refuse responsibility for any portion of the expert deposition fees. Thus, despite good-faith efforts to resolve this matter, this motion is necessary.

### A.      Caryn Fuller.

Ms. Fuller is a civil engineer practicing in the engineering and construction industry for over 25 years in a wide spectrum of construction functions, such as a project engineer, project manager, project controls manager, and claims consultant.[1] Ms. Fuller has extensive experience as a standard of care expert for general contractors. Ms. Fuller issued a 60+ page report in this case opining as to whether Panache Development met its standard of care as a general contractor at the subject project (the "Project") from 2018 to 2023. As disclosed in her expert report provided to the Panache Parties, Ms. Fuller's hourly rate is $695.

Ms. Fuller resides in Houston, Texas. Jeffrey Chapman deposed Ms. Fuller in Austin, Texas on April 1, 2026. Mr. Chapman announced at the deposition that he is "a lawyer for Panache in this litigation." Fuller Dep., at 5:16-19. [2] The deposition commenced at 10:00 a.m. and concluded at 3:59 p.m. Fuller Dep., Cover Page.

The Romspen Parties request reimbursement of $17,548.75 for Ms. Fuller's reasonable fees as follows, which is less than the full fees Ms. Fuller charged the Romspen Parties in connection with her deposition:

---

[1]      Ms. Fuller's CV and report are attached as part of Exhibit B to the Panache Parties' Motion to Exclude (Doc.#122), at pp. 220-330.

[2]      Relevant excerpts of Ms. Fuller's deposition are attached as Exhibit D.

| Activity | Time | Amount |
|---|---|---|
| Deposition Preparation Time | 17.25 | $11,988.75 |
| Deposition Time | 8.0 | $5,560.00 |
| **TOTAL** | 25.5 | $17,548.75 |

### B. Carlos Turizo.

Mr. Turizo is a licensed professional civil and structural engineer with over 20 years of experience in analyzing complex construction issues including, among other things, design and evaluation of foundations, retaining walls, and buildings. Mr. Turizo co-authored an 80+ page report with Mr. Kuehn concerning some of the design and construction defects at the Project.[3] Mr. Turizo's portion of the report regarding specific structural design and construction defects spans approximately 40 pages. As set forth in the report disclosed to the Panache Parties, Mr. Turizo's hourly rate is $550.

Mr. Turizo resides in New Jersey. The Panache Parties insisted on taking his deposition in Austin, Texas on March 30, 2026, which resulted in more than 12 hours of total travel time including travel to and from airports. Mr. Chapman conducted Mr. Turizo's deposition, announcing at the start of the deposition that he is "counsel for Panache." Turizo Dep., at 7:3-4.[4] The deposition commenced at 10:06 a.m. and concluded at 3:34 p.m. Turizo Dep., 2:4, 6:2-5, 184:10-11.

The Romspen Parties request reimbursement of $15,400.00 for Mr. Turizo's reasonable fees as follows, which is less than the full fees Mr. Turizo charged the Romspen Parties in connection with his deposition:

| Activity | Time | Amount |
|---|---|---|
| Deposition Preparation Time | 10.0 | $5,500.00 |
| Deposition Travel Time (travel from New Jersey to Austin) | 12.0 | $6,600.00 |
| Deposition Time | 6.0 | $3,300.00 |
| **TOTAL** | 28.0 | $15,400.00 |

### C. Jeffrey Kuehn.

Mr. Kuehn is a licensed professional engineer with more than 30 years of experience as a mechanical engineer in the construction industry and more than 15 years of experience as a

---

[3] Mr. Turizo's CV and report are attached as part of Exhibit B to the Panache Parties' Motion to Exclude (Doc#122), at pp. 39-230.

[4] Relevant excerpts of Mr. Turizo's deposition transcript are attached as Exhibit E.

forensic mechanical, electrical, plumbing, and fire protection engineer.[5] Mr. Kuehn co-authored an 80+ page report with Mr. Turizo concerning some of the design and construction defects at the Project. Mr. Kuehn's portion of the report regarding Mechanical, Electrical, Plumbing, and Fire Protection defects spans approximately 20 pages. As set forth in the report disclosed to the Panache Parties, Mr. Kuehn's hourly rate is $550.

The Panache Parties took Mr. Kuehn's deposition virtually on March 31, 2026. Mr. Chapman conducted Mr. Kuehn's deposition, announcing at the start of the deposition that he is "representing Panache." Kuehn Dep., at 5:17-21.[6] The deposition commenced at 10:00 a.m. and concluded at 12:03 p.m. Kuehn Dep., 5:1-9, 108:19.

The Romspen Parties request reimbursement of $3,300.00 for Mr. Kuehn's reasonable fees as follows, which is less than the full fees Mr. Kuehn charged the Romspen Parties in connection with his deposition:

| Activity | Time | Amount |
|---|---|---|
| Deposition Preparation Time | 4.0 | $2,200.00 |
| Deposition Time | 2.0 | $1,100.00 |
| **TOTAL** | 6.0 | $3,300.00 |

## III. ARGUMENT

The Romspen Parties seek reimbursement of expert fees pursuant to Federal Rule of Civil Procedure 26(b)(4)(E)(i), which requires the party seeking discovery from an expert to "(i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Rule 26(b)(4)(A) allows for the deposition of an expert who may testify. Thus, Rule 26(b)(4)(E)(i) provides for "the payment of an expert for the time spent responding to discovery under 26(B)(4)(A)- the expert's deposition." *Nester v. Textron, Inc.*, No. 1:13-CV-920 RP, 2016 WL 6537991, at \*3 (W.D. Tex. 2016). The recoverable costs associated with an expert's deposition includes: (1) deposition preparation time, (2) travel time at the expert's hourly rate, (3) the actual deposition time; and (4) the expert's time reviewing the expert's own deposition transcript. *Id.* at 3–4.

---

[5] Mr. Kuehn's CV is attached as part of Exhibit B to the Panache Parties' Motion to Exclude (Doc.#122), at pp. 143-147.

[6] Relevant excerpts of Mr. Kuehn's deposition transcript are attached as Exhibit F.

While the Court may consider the reasonableness of the reimbursement sought, reimbursement is mandatory under Rule 26(b)(4)(E)(i) except where "manifest injustice would result." If the Court determines that an expert's fee sought is unreasonable, the Court may fashion a reasonable alternative. *Nester*, 2006 WL 6537991, at *5 (citing *Borel v. Chevron U.S.A. Inc.*, 265 F.R.D. 275, 276 (E.D. La. 2010)).

Here, the Panache Parties noticed, and counsel for "Panache" took, the depositions of three third-party experts disclosed by the Romspen Parties even after the Court's ruling made at the conclusion of the March 25, 2026, hearing limiting the role of these experts to rebuttal testimony only. It was therefore entirely within the Panache Parties' control to cancel the depositions and orchestrate their presentation of evidence to eliminate the need for construction expert rebuttal testimony; or limit the depositions to foreseeable rebuttal issues that may arise. The Panache Parties did neither. Two days after the Court issued its ruling, the Panache Parties insisted that the depositions proceed as scheduled, including for both Mr. Turizo and Ms. Fuller to appear in person; and the Panache Parties conducted a combined total of 13.5 hours of depositions of these rebuttal-only witnesses. The Panache Parties offered no guidance as to limits they would voluntarily impose on the depositions; and without any such guidance, the witnesses prepared as if their testimony had not been limited by the Court. This was not only reasonable, but, in hindsight, necessary given the fulsome depositions taken by the Panache Parties' counsel.

The Romspen Parties' reimbursement amount of $17,548.75 for Ms. Fuller's fees is reasonable under the circumstances. While the Panache Parties required Ms. Fuller to travel from Houston to Austin for the deposition (5 hours round trip), Ms. Fuller did not fully bill for that travel time in this instance; rather, she included a modest 2 hours included in her description of "deposition time" to account for her travel, her arrival, and gathering her materials at the conclusion of her deposition. [Declaration of Caryn W. Fuller attached hereto as Exhibit G ("Fuller Decl."), ¶ 10] As with each of the experts, the Romspen Parties do not seek recovery of all deposition preparation time and have eliminated preparation with the Romspen Parties' counsel. [*Id.* at ¶ 10, Declaration of Carlos Turizo attached hereto as Exhibit H ("Turizo Decl."), ¶ 14;

Declaration of Jeffrey Kuehn attached hereto as Exhibit I ("Kuehn Decl."), ¶ 8] The Romspen Parties recognize that *Textron* indicates an hour of preparation time for an hour of deposition time is reasonable, the Romspen Parties urge that more preparation time was needed in order for Ms. Fuller to adequately prepare, given the number of issues covered by her 60+ page report spanning the many years that Panache acted as the general contractor at the Project without any limitations on the deposition's scope. [Fuller Decl., ¶¶ 7-11] In addition, although the applicable rules limit depositions to 7 total hours per witness, it was not possible for Ms. Fuller to determine in advance each of the potential topics that the Panache Parties might explore and, thus, she reasonably prepared to testify regarding the entire scope of her report. [*Id.*]

The Romspen Parties' reimbursement amount of $15,400.00 for Mr. Turizo's fees is reasonable under the circumstances. Mr. Turizo's deposition lasted 5.5 hours, but he appropriately arrived shortly before, and gathered his belongings after, his deposition – warranting a fee of 6.0 hours. [Turizo Decl., ¶ 16] Like Ms. Fuller, Mr. Turizo prepared for deposition questions covering the entire scope of his 40 authored pages of his report because he was given no guidance from the Panache Parties on limitations; and, like Ms. Fuller, this was reasonable and necessary, given the comprehensive deposition taken by counsel for the Panache Parties. [*Id.*, ¶¶ 11-12] Mr. Turizo traveled from New Jersey for his deposition (*Id.*, ¶ 15); and while the Panache Parties could control travel time fee exposure by taking his deposition remotely, they insisted (as they had with other witnesses in this case) on an in-person deposition. So, while the costs of travel (airfare, ground transportation, hotel, meals, etc.) are not being requested for reimbursement, the Romspen Parties appropriately and reasonably include his travel time that was charged in connection with appearing for his deposition.

The Romspen Parties' reimbursement amount of $3,300.00 for Mr. Kuehn's fees is reasonable under the circumstances. Mr. Kuehn's two-hour deposition covered the entirety of the 20 report pages he authored; and, therefore, his four hours of preparation time was entirely reasonable and appropriate. [Kuehn Decl., ¶¶ 5-11] Unlike Ms. Fuller and Mr. Turizo, whose depositions were in person, the Panache Parties conducted Mr. Kuehn's deposition remotely –

thereby protecting the Romspen Parties and the Panache Parties from fee exposure relating to deposition travel.

The hourly rates charged by Mr. Turizo and Mr. Kuehn ($550/hour), and the hourly rate charged by Ms. Fuller ($650/hour) are reasonable; in fact, the single expert designated by the Panache Parties charged $595/hour.

The Panache Parties conducted these depositions knowing the limited scope of any testimony the witnesses may provide, and despite the clear requirement of reimbursement set forth in Rule 26(b)(4)(E)(i) and applicable case law. Notwithstanding, the Panache Parties have refused to reimburse any portion of the expert fees associated with these depositions.

## III.    CONCLUSION

Accordingly, the Romspen Parties request that the Court: (1) enter an order awarding the reasonable expert fees under Rule 26(b)(4)(E)(i) in the total of amount of $36,248.75; and (2) for such other and further relief to which they must be justly entitled. A proposed form of order is attached hereto as Exhibit J and lodged herewith.

Dated: August 5, 2026

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Kyle S. Hirsch*
Kyle S. Hirsch, Texas Bar No. 24117262
R. Luke Graham, Texas Bar No. 24127305
2200 Ross Ave., Suite 4600E
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)
Jacob Maskovich, *pro hac vice*
2 North Central Avenue, Suite 2100
Phoenix, AZ 85004
(602) 364-7000 (Telephone)
(602) 364-7070 (Facsimile)
Email: kyle.hirsch@bclplaw.com
          luke.graham@bclplaw.com
          jacob.maskovich@bclplaw.com

619555280.4

**ATTORNEYS FOR ROMSPEN MORTGAGE LIMITED PARTNERSHIP AND ROMSPEN (REOMASTER) HOLDINGS INC.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 5, 2026, a true and correct copy of the foregoing was served on the following via the Court's ECF filing system:

Jason M. Rudd
Catherine A. Curtis
Jacob Fain
WICK PHILLIPS
3131 McKinney Ave. #500
Dallas, TX 75204
jason.rudd@wickphillips.com
catherine.curtis@wickphillips.com
jacob.fain@wickphillips.com

B. Russell Horton
GEORGE BROTHERS KINCAID & HORTON, L.L.P.
114 W 7th Street, Suite 625
Austin, Texas 78701
rhorton@gbkh.com

Casey Roy, Esq.
KANE RUSSELL COLEMAN LOGAN PC
401 Congress Avenue, Suite 2100
Austin, Texas 78701
croy@krcl.com

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch